IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH WILLIAM McCLAIN, JR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEPUTY MURRY, et al. | : | NO. 08-2940 |
| Defendants. | : | |

## MEMORANDUM

QUIÑONES ALEJANDRO, J.　　　　　　　　　　　　　　　　　　　JANUARY　　, 2018

Plaintiff Ralph William McClain, Jr., brings this civil rights action pursuant to 42 U.S.C. § 1983 based on allegations that officials at the State Correctional Institution at Graterford deprived him of his property and religious materials. He seeks leave to proceed *in forma pauperis*. The Court will grant Mr. McClain leave to proceed *in forma pauperis* and dismiss his Complaint.

I.　　FACTS

Mr. McClain filed this civil action in June of 2008, when he was an inmate incarcerated at SCI-Dallas, based on events that occurred during his prior incarceration at SCI-Graterford.[1] The Complaint names the following employees of SCI-Graterford as defendants: (1) Deputy Murry; (2) Sgt. Curran; (3) Lt. Scott; (4) Superintendent David Diguglielmo; (5) Wendy Moyer; and (6) Unit Manager Fallock. Mr. McClain alleges that the Defendants violated his rights by failing to return certain unidentified property to him, and by either failing to process or denying grievances he filed related to his property. Mr. McClain also alleges that certain of the defendants violated the Religious Land Use and Institutionalized Persons Act (RLUIPA) and his

---

[1] Mr. McClain is currently incarcerated at the Curran-Fromhold Correctional Facility.

1

First Amendment right to the free exercise of his religion by denying him "religious materials" for months. Although the Complaint does not provide much, if any, detail, it suggests that the property at issue was confiscated in late 2005 or early 2006, as Mr. McClain filed his first grievance on January 9, 2006 and continued exhausting the grievance process through July of 2006. Mr. McClain seeks damages and declaratory judgment.

## II. STANDARD OF REVIEW

Mr. McClain's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and generalized statements do not suffice to state a claim. *See id.* As Mr. McClain is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Based on Defendants' Refusal to Return Mr. McClain's Property

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[2] As Mr. McClain was a prisoner at the time he filed this civil action, he is obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(b). Mr. McClain's initial motion to proceed *in forma pauperis* was denied without prejudice due to his failure to file a certified copy of his prison account statement for the six-month period prior to filing this civil action, as required by 28 U.S.C. § 1915(a). Although Mr. McClain submitted a complete prison account statement in July of 2008, it was not ruled on at that time. After plaintiff filed his most recent civil action, *McClain v. Timberman*, E.D. Pa. Civ. A. No. 17-5839, the Court identified the error and reassigned the case to the undersigned, as the Judge previously assigned to the case had retired.

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court understands Mr. McClain to be asserting a due process claim based on the defendants' intentional failure to return unspecified property that was apparently seized from Mr. McClain's cell. However, there is no basis for a due process claim here because Pennsylvania law provides Mr. McClain with adequate state remedies.[3] *See Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (per curiam) ("[D]eprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy."). Furthermore, as "prison inmates do not have a constitutionally protected right to a grievance process," Mr. McClain cannot state any constitutional claims based on the manner in which certain Defendants handled his grievances. *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases). As there is no plausible basis for amending the defects in Mr. McClain's constitutional claims stemming from the deprivation of his property or the handling of his related grievances, the Court will dismiss those claims with prejudice.

### B. Claims Based on Religious Rights

To the extent that Mr. McClain alleges violation of his religious rights under either the First Amendment or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, et seq., "[t]he threshold question in any First Amendment or RLUIPA case is whether the prison's challenged policy or practice has substantially burdened the practice of the inmate-plaintiff's religion." *Robinson v. Superintendent Houtzdale SCI*, 693 F. App'x 111, 115

---

[3] There is no independent basis for the Court's jurisdiction over a state law claim, as it does not appear that the parties are diverse for purposes of 28 U.S.C. § 1332.

3

(3d Cir. 2017) (per curiam). Mr. McClain's claims are based solely on a conclusory allegation that he was denied "religious materials." He does not describe those materials, identify his religion, or indicate how the deprivation of those materials burdened the practice of his religion.

There are other problems with Mr. McClain's claims. There is no basis for issuing a declaratory judgment here, as "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam); *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir.2003) (per curiam) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."). Additionally, Mr. McClain may not recover money damages under RLUIPA. *See Sharp v. Johnson*, 669 F.3d 144, 154 (3d Cir. 2012); *see also Banks v. Sec'y Pennsylvania Dep't of Corr.*, 601 F. App'x 101, 103 (3d Cir. 2015) (per curiam) ("RLUIPA does not allow for the recovery of money damages."). As Mr. McClain is not entitled to any of the relief requested in his complaint under RLUIPA, the Court will dismiss his RLUIPA claims with prejudice because he cannot cure those defects. However, as it is not apparent that amendment of Mr. McClain's First Amendment claim for damages would be futile, he will be given an opportunity to file an amended complaint as to that claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. McClain's Complaint. His claims are dismissed with prejudice with the exception of his First Amendment claim for damages, which is dismissed without prejudice to Mr. McClain filing an amended complaint. An appropriate Order follows.